UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. RECAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 1923 ACL |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Kevin D. Recar for a writ of habeas corpus under 28 U.S.C. § 2254.

### I.  Procedural History

Recar is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri, pursuant to the sentence and judgment of the Circuit Court of Jefferson County, Missouri.  (Doc. 18 at 32-33.)

Recar was arrested on March 15, 2014, on charges of first degree burglary and first degree sodomy.  (Doc. 18 at 4.)  He filed a request for a speedy trial on June 3, 2014.  *Id.* at 7.  On August 5, 2014, Recar's case was set for a two-day jury trial for January 7, 2015.  *Id.*  On December 15, 2014, defense counsel filed a motion to dismiss the charges against Recar, claiming his right to a speedy trial had been violated.  *Id.* at 8.  The plea court denied this motion.  *Id.*  Pursuant to the parties' joint motion, the trial was continued from January 7, 2015, to January 20, 2015.  *Id.* at 8-9.

On January 16, 2015, Recar pleaded guilty to sodomy in the second degree.  *Id.* at 31.  The court sentenced Recar to seven years' imprisonment.  *Id.*

On April 2, 2015, Recar filed a *pro se* motion for post-conviction relief.  *Id.* at 60-65.  After the appointment of counsel, Recar filed an amended motion and request for evidentiary

hearing. *Id.* at 76-99. He argued that the plea court violated his right to a speedy trial and plea counsel was ineffective in moving for a continuance without regard to his request for a speedy trial. *Id.* The motion court denied Recar's amended motion and his request for an evidentiary hearing. *Id.* at 110-13.

In his appeal from the denial of post-conviction relief, Recar argued plea counsel was ineffective in moving for a continuance without regard to his request for a speedy trial.. (Doc. 15-1.) On June 6, 2017, the Missouri Court of Appeals affirmed the decision of the motion court. (Doc. 15-3.)

Recar filed the instant Petition on July 3, 2017. (Doc. 1.) In his first ground for relief, Recar argues that he was denied his right to a speedy trial because the state delayed his case almost ten months. *Id.* at 5. In his second ground for relief, Recar argues that counsel was ineffective for requesting a postponement of his trial. *Id.* at 6.

Respondent filed a Response to Order to Show Cause, in which he argues that Recar's first ground for relief is procedurally defaulted and both claims fail on their merits. (Doc. 15.)

## II.  Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

### III.  Petitioner's Claims

**1.  Ground One**

In his first ground for relief, Recar argues that he was denied his right to a speedy trial because the State delayed his case almost ten months.

In his post-conviction relief motion, Recar argued that the trial court erred in violating his right to a speedy trial and in denying his motion to dismiss the charges based on the violation of his right to a speedy trial. (Doc. 18 at 79.) Recar did not raise this claim in his appeal from the denial of his post-conviction relief. Respondent argues that this claim is, therefore, procedurally defaulted.

Under the doctrine of procedural default, a federal habeas court is barred from considering the merits of a claim not fairly presented to the state courts, absent a showing by the petitioner of cause for the default and prejudice resulting therefrom, or that he is actually

innocent, such that a miscarriage of justice would result by failing to consider the claim. *See Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011). In Missouri, "a claim [must] be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon,* 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." *Id.*

Here, Recar did not raise the claim contained in Ground One in his appeal from the denial of post-conviction relief and fails to provide cause for this failure. Thus, Ground One is procedurally defaulted.

Even if Ground One were not procedurally defaulted, it fails on its merits as well. The Eighth Circuit has held that a guilty plea, knowingly and voluntarily entered, constitutes a waiver of all non-jurisdictional effects, including the right to a speedy trial. *Cox v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992) (citing *Becker v. Nebraska*, 435 F.2d 157 (8th Cir. 1970)); *see also Barnes v. Dormire*, No. 4:10CV0443 JAR, 2013 WL 530907, at *2 (E.D. Mo. Feb. 12, 2013) (holding that a habeas petitioner had waived a speedy trial claim by knowingly and voluntarily pleading guilty).

Here, the record establishes that Recar entered a knowing and voluntary plea of guilty. He was apprised of his constitutional rights, was notified of the nature and punishment of the charges against him, and admitted in open court that he committed the offense. (Doc. 18 at 53-58.) The colloquy between Recar and the court reveals that Recar understood what was transpiring when he pleaded guilty. In light of his knowing and voluntary guilty plea, Recar waived any violation of his right to a speedy trial.

Accordingly, Ground One is denied.

**2.     Ground Two**

In his second ground for relief, Recar alleges that he received ineffective assistance of counsel when counsel agreed to a continuance of his trial despite his request for a speedy trial.

Recar raised this claim in his post-conviction motion and in his appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows:

> Movant claims that his counsel's agreement to a joint continuance prejudiced him because he would not have pleaded guilty but for the "long delays" in his case. However, at his plea hearing when asked if he had any complaints about his counsel's performance, Movant's only assertions were that his counsel failed to get "seven down to five" and he stated that he had no formal complaints against his counsel. The court found that Movant knowingly and intelligently waived the constitutional rights attending a jury trial, and after questioning him, the court determined Movant did not receive ineffective assistance of counsel. This finding was echoed in the court's findings of fact and conclusions of law denying Movant's Rule 24.035 motion.
> We hold, the motion court did not clearly err in denying Movant's Rule 24.035 motion because the record demonstrates Movant entered into his plea knowingly, intelligently, and voluntarily. The record refutes Movant's claims of ineffective assistance and Movant was not entitled to an evidentiary hearing. Movant waived his right to argue that his constitutional right to a speedy trial had been violated by pleading guilty. Additionally, plea counsel's performance did not fall below the *Strickland* standard, and Movant was not prejudiced by his counsel's performance.

(Doc. 15-3 at 7-8.)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). To show deficient performance, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

"Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citations omitted). To show prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *See Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

Here, the state appellate court properly applied *Strickland*. As previously discussed, Recar waived his right to a speedy trial when he knowingly and voluntarily pleaded guilty. The Missouri Court of Appeals found that Recar could establish neither deficient performance of plea counsel nor prejudice. The record supports this finding. At the guilty plea hearing, the prosecutor indicated that the range of punishment on each of the charges was five years to life imprisonment. (Doc. 18 at 48.) Pursuant to a plea bargain with the state, Recar was sentenced to a total of seven years' imprisonment on a reduced charge of second degree sodomy. *Id.* at 50. The plea court found Recar had received effective representation of counsel. *Id.* at 48. In so finding, the court remarked: "the Court believes that [defense counsel]'s representation has far exceeded the minimum that was expected of him and that he has just gotten you a miraculous disposition of those cases." *Id.* Recar cannot demonstrate prejudice resulting from defense

counsel's request for a two-week continuance that allowed him to negotiate a "miraculous disposition" of Recar's charges.   Thus, Recar's ineffective assistance of counsel claim lacks merit.

Accordingly, Ground Two will be denied.

### IV.   Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right.   *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999).   A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserved further proceedings.   *See Cox*, 133 F.3d at 569.   In this case, Recar has failed to make a substantial showing of the denial of a constitutional right.   The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

### ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

Dated this 28th day of May, 2020.

> s/*Abbie Crites-Leoni*
> ABBIE CRITES-LEONI
> UNITED STATES MAGISTRATE JUDGE